IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,344




EX PARTE DAVID WAYNE DUCK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 04F0606-102 IN THE 102ND DISTRICT COURT
FROM BOWIE COUNTY




           Per curiam. Keller, P.J., and Keasler, J. dissented. 
 
O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to forty years’ imprisonment. The Sixth Court of Appeals
affirmed his conviction. Duck v. State, No. 06-06-00054-CR (Tex. App.–Texarkana, Apr. 3, 2007,
pet. ref’d) (not designated for publication). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel did not make proper objections to evidence of extraneous crimes, wrongs, or acts. After two
remands, the trial court recommends denying relief. 
            After a review of the entire record, this Court finds that counsel both elicited evidence of and
did not make proper objections to evidence of extraneous wrongs and acts. Specifically, counsel did
not object to evidence of a police call made to Applicant’s home during the trial and evidence of
allegations that he had tampered with a witness in a prior drug investigation. In this case, counsel’s
errors deprived Applicant of a fair trial whose result was reliable. Strickland v. Washington, 466 U.S.
668, 687 (1984). Applicant is entitled to relief. 
            Relief is granted. The judgment of conviction in Case No. 04F0606-102 in the 102nd Judicial
District Court of Bowie County is set aside, and Applicant is remanded to the custody of the sheriff
of Bowie County to answer the charges as set out in the indictment. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 
 
Delivered: May 5, 2010
Do Not Publish